UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FILED
U.S. DISTRICT COURT

----------------------------------------------------------x

JAMES HEALY,                                    **COMPLAINT**

S.D. OF N.Y.

                        Plaintiff

v.                                              **JURY DEMANDED**

ENTERPRISE RECOVERY SYSTEMS, INC.,

                        Defendant.
----------------------------------------------------------x

**'11 CIV 3295**

*JUDGE SEIBEL*

## INTRODUCTION

1.      This is an action for money damages and declaratory judgment, brought by

an individual consumer for Defendant's violations of the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA").

2.      Specifically, this action relates to Defendant's illegal and abusive attempts to

collect a debt that Plaintiff does not owe.


## JURISDICTION AND VENUE

3.      The Court's jurisdiction is conferred by 15 U.S.C. § 1692k and 28 U.S.C.

§1337.

4.      Declaratory relief is available pursuant to 28 U.S.C. §§2201 and 2202.

5.      Venue in this District is proper because the acts and transactions that give

rise to this action occurred, in substantial part, in this district.

## PARTIES

6.    Plaintiff, James Healy is a natural person who has resided at all relevant times in Hastings-on-Hudson, New York.

7.    Mr. Healy is a consumer as defined in the FDCPA § 1692a(3).

8.    Defendant Enterprise Recovery Systems, Inc. (ERS) is a foreign corporation engaged in the collection of debts in New York State with a principal place of business at 800 Enterprise Drive, Suite 145, Oakbrook, Illinois 60521.

9.    Defendant ERS' principal purpose is the collection of debts; and it regularly attempts to collect debts alleged to be due another.

10.    ERS is a debt collector as defined by FDCPA § 1692a(6).

## FACTS

11.    From approximately May, 2010 – November 2010, ERS made calls Plaintiff's work, home and cell phones on a regular basis regarding a debt of approximately $27,000 allegedly owed to Columbia University.

12.    ERS called Mr. Healy approximately 100-200 times from approximately May 2010 to early November 2010.

13.    During this time period, ERS left numerous voicemail messages on Mr. Healy's home phone where ERS failed to identify itself as a debt collector and failed to disclose that it was attempting to collect a debt and would use any information obtained for that purpose.

14.    In one such message, an ERS employee represented that it was "imperative"

2

that Mr. Healy contact ERS regarding the alleged debt.

15.     At other times during this period, Mr. Healy's children or wife answered phone calls made to the home phone by ERS and ERS employees spoke directly with them regarding his debts.

16.     During this same time period, despite having already located Mr. Healy, ERS called other relatives and neighbors regarding the collection of this alleged debt.

17.     ERS has never sent Mr. Healy a written communication regarding the debt it was attempting to collect.

18.     Mr. Healy does not owe the debt.  Specifically, although he attended Columbia University from 1977 -1980, receiving his diploma in 2008 after being readmitted and completing outstanding credits through SUNY Purchase, he does not owe the University any money.

19.     Moreover, when readmitted to complete his diploma in 2008, Mr. Healy did not owe any money to Columbia University and was not required to pay any new amounts to Columbia for tuition.  Instead, Mr. Healy paid SUNY Purchase to complete his credits; and Columbia issued Mr. Healy a diploma after completing all credits at SUNY Purchase.

20.     The only time period during which Mr. Healy was required to pay tuition to Columbia University was 1977-1980; and he paid all required tuition at that time.

21.     Mr. Healy has contacted Columbia University, which has confirmed in writing that Mr. Healy does not owe any money to the University.

22.     Mr. Healy has repeatedly explained to ERS over the phone that he does not

3

owe any money to Columbia University and further informed ERS that the University has confirmed this fact.  Mr. Healy has pointed out during these conversations that there is no way that Columbia would have readmitted him and issued him a diploma if he owed Columbia the purported debt.

23.    Despite being provided with this information, ERS continued to call Mr. Healy, continued to leave messages, and continued to call his neighbors and relatives.

## CAUSE OF ACTION

### Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*  ("FDCPA")

24.    Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

25.    By undertaking the above referenced collection activities Defendant violated 15 U.S.C. § 1692 *et seq.*

26.    Specifically and without limitation, Defendant violated the FDCPA by:

(a)    Communicating with Plaintiff's neighbors and relatives regarding the collection of the alleged debt even though ERS was aware of Mr. Healy's location and had already made contact with Mr. Healy, in violation of 15 U.S.C. § 1692c(b);

(b)    Making an excessive and abusive number of phone calls to Mr. Healy's work, home, and cell phone numbers in violation of 15 U.S.C. § 1692d and 1692d(5).

(c)    Leaving voicemail messages regarding the collection of the alleged debt

4

where ERS did not disclose that the communication is from a debt collector , that the collector is attempting to collect a debt, and that any information  obtained will be used for that purpose, in violation of 15 U.S.C. § 1692e and 1692e(11).

     (d)    Representing to Mr. Healy that he owes money to Columbia University when no balance is owed, in violation of 15 U.S.C. § 1692e, 1692e(2)(A), 1692f, and 1692f(1).

     (e)    Representing to Mr. Healy that it was imperative that he contact ERS regarding an alleged debt that was over 25 years old, in violation of 15 U.S.C. § 1692e, 1692e(10), and 1692f.

     (f)    Failing to send a written validation notice to Mr. Healy within five days of the initial communication, in violation of 15 U.S.C. § 1692g(a).

27.    As a result of these violations of the FDCPA, Plaintiff has suffered actual damages including, without limitation, emotional distress, stress, anxiety, and embarrassment with family and neighbors.

28.    As a result of these violations, Mr. Healy is entitled to statutory damages of up to $1,000, actual damages, and attorney's fees and costs.

**WHEREFORE** plaintiff respectfully requests that this Court award:

    a.  Declaratory Judgment that Defendants' conduct violated the FDCPA;

    b.  Actual damages;

    c.  Statutory damages;

    d.  Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692 k; and

e.  Such other and further relief as law or equity may provide.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury.

Dated:          May 16, 2011
                White Plains, New York

                                        Respectfully Submitted,

                                        Daniel A. Schlanger, Esq.
                                        One of Plaintiff's Attorneys

Plaintiff's Attorneys
Daniel A. Schlanger, Esq.
Peter T. Lane, Esq.
Schlanger & Schlanger, LLP
1025 Westchester Ave., Suite 108
White Plains, NY 10604
Ph:  914-946-1981